HARDY, Judge.
This is a suit by plaintiff as subrogee of its insured for the amount paid as property damages sustained by the insured’s truck as the result of a motor vehicle collision. From judgment rejecting plaintiff’s demands it has appealed.
The accident occurred at or about 5 ‘.30 a. m. on October 25, 1964, on Louisiana *708 Highway IS when the truck driven by plaintiff’s insured employee, William Ot-well, struck the rear end of a truck owned by defendant and driven by his employee, Terry Hutto. As stated by counsel for plaintiff, the sole issue presented is factual and relates to a determination of the question as to whether defendant’s vehicle was being operated without rear lights, which contention is asserted as the ground of negligence causing the accident. The testimony on this point is in direct conflict. Defendant’s driver, Hutto, testified that the tail-lights of his truck were burning; that he had inspected the lights when the truck left Wisner, about 10 miles from the scene of the accident, at which time they were operating properly. Otwell, driver of the other truck not only testified that the tail-lights on defendant’s truck were not burning but that it was actually stopped on the highway at the time of the rear end collision. Plaintiff’s counsel urged that the conflict between the testimony of the drivers should be resolved in favor of plaintiff’s contention on the basis of the testimony of a disinterested witness, one Robert Morse, who had passed defendant’s vehicle on the highway immediately preceding the collision. Counsel refers to Morse as an eyewitness but it is clear from the record that he only realized that an accident had occurred after he was some distance past defendant’s truck and noticed in his rear view mirror “■ — the trucks bouncing — the lights bouncing behind him.”
It is also noted that this witness testified that he was driving at a speed of 60 to 65 MPPI and estimated the speed of defendant’s truck at 45 to 50 MPH. In addition to the testimony above noted, the defendant testified that he followed his truck from the point where it was loaded with cotton to the highway, at which time both tail and head-lights were burning.
In a brief comment upon the conclusion of the trial, the district judge stated that; in his opinion, plaintiff had failed to prove its case by a preponderance of the evidence. After our examination of the record, we find no error in this conclusion, and, accordingly, the judgment appealed from is affirmed at appellant’s cost.